THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| IFREE JENNINGS,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT CNTY. CORR. DIV.,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:23-cv-286-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Ifree Jennings brought this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Dkt. No. 5. Having screened the Complaint as required by 28 U.S.C. § 1915A, the court orders Plaintiff to file an amended complaint to cure the deficiencies in the Complaint before further pursuing his claims.

## COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Complaint, which will be explained in greater detail below. The Complaint:

(a) improperly names Summit County Corrections Division as a §1983 defendant, when it is not an independent legal entity that can sue or be sued;

(b) may not affirmatively link defendants to allegations of civil-rights violations;

(c) appears inappropriately to allege civil-rights violations on a theory of supervisory liability;

(d) appears to lack recognition that medical malpractice and negligence are not federal claims, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding "inadvertent failure to provide adequate medical care" or "medical malpractice does not become a constitutional violation merely because the victim is a prisoner," but instead claim may be alleged properly only by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs");

(e) does not clearly state its First Amendment cause of action;

(f) is perhaps improperly to be supplemented with information from a document filed after the Complaint.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* The court thus cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

1. The revised complaint shall stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). Plaintiff may not supplement or make changes to the amended

complaint after it is filed without first moving for leave to amend pursuant to Federal Rule of Civil Procedure 15.

2. The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include—to the extent possible—specific dates when the alleged constitutional violations occurred. If Plaintiff does not know the specific dates, he should, at a minimum, provide an estimate of when the alleged constitutional violations occurred.

3. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still fully explaining the "who," "what," "where," "when," and "why" of each claim. As the Tenth Circuit has explained, the Supreme Court has been "particularly critical of complaints that mentioned no specific, time, place, or person involved in the alleged [claims]. Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations would have little idea where to begin." *Robbins*, 519 F.3d at 1248 (cleaned up).

4. Plaintiff may not name an individual as a defendant based solely on his or her holding a supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

5. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

6.     "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A plaintiff need not, however, include details of a grievance in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

## IMPROPER DEFENDANT

Section 1983 allows suits against "[e]very person" who, acting under color of law, deprives a person of his rights, privileges, or immunities secured by the Constitution and laws. *See* 42 U.S.C. § 1983. But "person" as it is used in § 1983 does not include States or their agencies. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989); *Krebs v. El Dorado Correctional Facility*, 673 Fed. App'x 891, 894 (10th Cir. 2016). Thus, State correctional facilities cannot be sued under § 1983.

## AFFIRMATIVE LINK

"[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement." *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019). To meet this requirement,

> the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's

analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Id.* at 790–91. "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### SUPERVISORY LIABILITY

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no liability under § 1983 merely because an official supervised some other official who is allegedly liable himself.

Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

To establish a Section 1983 claim against a supervisor, "a plaintiff must first show the supervisor's subordinates violated the constitution." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Once an underlying violation is established, the plaintiff must demonstrate an affirmative link between the supervisor and the violation, "namely the active

5

participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Id*. Specifically, a plaintiff must show the supervisor's "(1) personal involvement; (2) causation; and (3) state of mind." *Estate of Jensen by Jensen v. Clyde*, 989 F.3d 848, 858 (10th Cir. 2021) (cleaned up). "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Serna*, 455 F.3d at 1151.

## INADEQUATE MEDICAL TREATMENT

To demonstrate that the conditions of his confinement—such as the quality of medical care—give rise to liability under Section 1983, a plaintiff must

> prove both an objective and subjective component associated with the deficiency. *Id.* at 834. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This high standard for imposing personal liability on prison officials (i.e., the same standard of subjective recklessness used in the criminal law) is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment. *Id.* at 835-45; *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that *Farmer*'s "subjective component is not satisfied[] absent an extraordinary degree of neglect"); *Giron v. Corrections. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999) (recognizing that *Farmer*'s deliberate indifference standard sets out a "stringent standard of fault").

*Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021).

## FIRST AMENDMENT CAUSE OF ACTION

It is well-settled that "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). But these protections are bounded by the "necessary withdrawal or limitation of many privileges and rights, . . . justified by the considerations underlying our penal system." *Id*. Therefore, the Court has held that "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id*. at 349.

So, an inmate can allege a constitutional violation based on a free exercise claim if that claim can survive a two-part inquiry. First, he must show that a prison regulation "substantially burdened . . . sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). He must show that his "beliefs are religious in nature, and . . . sincerely held." *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997). Second, prison officials "identif[y] the legitimate penological interests that justif[ied] the impinging conduct." *Boles*, 486 F.3d at 1182. "Once those interest have been identified, the court will balance the factors set forth in *Turner* . . ., to determine the reasonableness of the regulation: (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights." *Kay v. Bemis*, 500 F.3d 1214, 1218-19 (10th Cir. 2007).

## IMPROPER AMENDMENT OF THE COMPLAINT

Unless a plaintiff amends his complaint once no later than 21 days after service of the answer or a Rule 12 motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)(B), (a)(2).

## ORDER

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff shall, within thirty days, cure the deficiencies in the Complaint identified herein by filing a document entitled, "First Amended Complaint," which does not refer to or include any other document.

2. The Clerk's Office shall mail to Plaintiff the Pro Se Litigant Guide with a blank-form civil rights complaint and habeas corpus petition, which Plaintiff shall use if he wishes to further pursue his claims.

3. If Plaintiff fails to timely cure the deficiencies identified above according to the instructions in this order, this action will be dismissed without further notice.

4. Plaintiff shall not serve the second amended complaint on Defendants. Rather, the court will perform its screening function and determine whether the second amended complaint warrants service. No motion for service of process is required. *See* 28 U.S.C. § 1915(d). The court will consider only claims asserted in the second amended complaint against defendants that are properly included in the second amended complaint.

5. The first amended complaint shall not include any claims occurring past the date of the Complaint, filed May 2, 2023, and/or outside the allegations of transactions and events contained in the Complaint. Any new claims or allegations postdating the Complaint or outside

its scope will be dismissed. If Plaintiff wishes to raise other claims, Plaintiff may do so only in a new complaint in a new action.

6. Plaintiff shall notify the court of any address change and timely comply with court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute and comply with the court's rules and orders.

7. Extensions of time are disfavored, though reasonable requests for extensions may be granted. Any motion for time extension shall be filed no later than **fourteen days** before the deadline for which the extension is sought.

8. Plaintiff shall not directly communicate with any judge. Plaintiff shall instead direct to the Clerk of Court all relevant information, letters, documents, and papers, and label any such filings with the case number.

9. Plaintiff shall comply with the local rules of this court, including that he shall "comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

DATED this 12th day of August, 2024.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge